UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                                          PLAINTIFF

v.                                                                           CRIMINAL ACTION NO.: 3:22-CR-123-DJH

REGINALD DEWAYNE BROWN                                                                                       DEFENDANT

## UNITED STATES' SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States of America, by counsel, Assistant United States Attorney Alicia P. Gomez, files its memorandum in support of its sentencing recommendation in this action, currently scheduled for November 27, 2023.

### Statutory Sentencing Provisions

Reginald Brown stands convicted of conspiracy to possess with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(B)(ii)(II). (DN 57, Count 1 of the Superseding Information). The defendant also stands convicted of possession with the intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii)(II), and Title 18, United States Code, Section 2. (DN 57, Count 2 of the Superseding Information). A conviction under these statutes carries a minimum term of imprisonment of 5 years, a potential combined maximum fine of $10,000,000, and a term of supervised release of no less than 4 years.

### Guideline Calculations

The United States Probation Office has prepared a Presentence Investigation Report (PSR), which concludes that the total offense level applicable to the offense should be 27. (DN 72, PSR

1

at ¶ 30, Page ID # 243). The PSR also concludes that Mr. Brown's criminal history places him in Criminal History Category VI. (*Id*. at ¶ 74, Page ID # 257). Based upon a total offense level of 27 and a criminal history category of VI, the guideline imprisonment range as calculated by the PSR is 130 to 162 months. (*Id*. at ¶ 107, Page ID # 262).

Analysis of § 3553(a) Factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

　　(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

　　(B) to afford adequate deterrence to criminal conduct;
　　(C) to protect the public from further crimes of the defendant; and

　　(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

　　(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
　　. . .

(5) any pertinent policy statement--
　　. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Reginald Brown stands convicted of conspiracy to possess with intent to distribute cocaine, and possession with the intent to distribute cocaine. At sentencing, the United States will recommend a sentence of 60 months of incarceration as the appropriate punishment for these offenses. In all candor to the Court, the disparity between the recommended guidelines and the agreement between the parties, arises from undersigned counsel for the United States underestimating the defendant's criminal history and in attempt to resolve the matter short of drawn out litigation. Despite the vast difference between the recommended guidelines and the agreement between the parties, a sentence of 60 months does nevertheless satisfy the objectives of 18 U.S.C. § 3553(a). The proposed sentence in this action will adequately promote respect for the law, reflect the seriousness of the offenses, provide just punishment for the offenses, protect the public, deter further criminal conduct, and provide Mr. Brown with needed correctional treatment. The plea agreement is silent as to the term of supervised release. To make up the difference between the recommended guidelines and the parties' agreement, and in an effort to ensure the defendant continues on a law-abiding path post-incarceration, the court could impose a longer term of supervised release.

<u>Conclusion</u>

For the reasons set forth herein, the United States respectfully requests the Court to accept the plea agreement and sentence the defendant in accordance with the plea agreement to a sentence of 60 months' imprisonment, followed by a term of supervised release of no less than 4 years.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney


/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-5911
alicia.gomez@usdoj.gov


CERTIFICATE OF SERVICE

    I hereby certify that on November 22, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ *Alicia P. Gomez*
Alicia P. Gomez
Assistant U.S. Attorney