UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                             Plaintiff,

v.                                                    Criminal Action No. 3:22-cr-123-DJH-2

REGINALD DEWAYNE BROWN,                                              Defendant.

\* \* \* \* \*

## MEMORANDUM OF HEARING AND ORDER

Following the rejection of the parties' original Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement (Docket No. 83), this matter came before the Court for a status hearing on January 17, 2024, with the following counsel participating:

    For the United States:    Alicia P. Gomez
    For Defendant:    John Casey McCall

The defendant was present. The parties reported that they have reached a new Rule 11(c)(1)(C) plea agreement. In submitting the revised agreement, the parties informed the Court that Defendant does not withdraw his prior guilty plea. Based on the discussion during today's hearing, and by agreement of the parties, it is hereby

**ORDERED** as follows:

(1) This matter is **SET** for a hearing on **February 1, 2024, at 10:30 a.m.** at the U.S. Courthouse in Louisville, Kentucky. At the hearing, the Court will first consider the new plea agreement's terms. If accepted, the Court will thereafter proceed to Defendant's sentencing.

(2) Counsel for both parties **MAY FILE** supplemental sentencing memoranda within **seven (7) days** of this Order's entry.

(3) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from January 17, 2024, to February 1,**

1

**2024, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because the defendant and his counsel would otherwise be denied the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This delay is not due to "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

January 17, 2024

David J. Hale, Judge
United States District Court

Court Time: 00/05
Court Reporter: Dena Legg