UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
*Electronically Filed*

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:22-CR-00123-DJH |
| REGINALD DEWAYNE BROWN | DEFENDANT |

**REGINALD DEWAYNE BROWN'S
MOTION TO SUPPRESS EVIDENCE**

Reginald Dewayne Brown, through counsel, would respectfully request this Court to suppress all evidence seized from his person and car, and from 8805 Beulah Church Road on September 22 and 23, 2022 by federal agents and other law enforcement. The affidavit sworn to by Louisville Metro Police Detective Cody Pfeiffer in support of the GPS and Pen Register warrant for Mr. Brown's phone contained false and misleading information concerning Mr. Brown's alleged involvement with possible violations of weapon possession. ""[T]he obvious assumption" made regarding the probable-cause requirement "is that there will be a truthful showing." *Franks v. Delaware*, 438 U.S. 154, 164–65, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The search warrant for 8805 Beulah Church Road failed to state probable cause to believe in the existence of a nexus between the location and the evidence sought. To establish probable cause, officers must establish "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Put another way, there must be a "nexus" between the "place" to be searched and the "things" to be seized. *United States v. Reed*, 993 F.3d 441, 447 (6th Cir. 2021). In the case at bar, there was no such nexus. In addition, the affidavit does not state probable cause to believe that Reginald Brown had any evidence or contraband on his person or in his vehicle.

<u>Phone Tracking and Pen Register Warrant</u>

The Affidavit in search of the phone warrant was shockingly overbroad, going so far as to ask for, "any and all information in their files **with respect to persons called by the telephone line and persons calling the telephone line** (except for contents of communications), and any other number discovered during this investigation, whether published or non-published, including but not limited to subscriber names and addresses, **drivers license numbers, social security numbers**, application information, and billing information, for historical records of 30 days prior to this search warrant." (paragraph 16 of phone Affidavit) (emphases added). The warrant also authorized cell-tower progress tracking and "buddy list" contents of any person who called Mr. Brown during the warrant execution and 30-days prior. (Page two of Phone Warrant). This officer clearly viewed his attempted traffic stop on Mr. Brown as a fishing expedition opportunity extravaganza!

A court considering a motion of this kind must conduct a *Franks* hearing if the defense makes an initial showing that the government's affidavit contained an intentional or reckless inclusion or omission, and that the inclusion or omission was material. The information contained in the detective's 10-page affidavit contains no information in regards to any new criminal activity.  The detective previously obtained an arrest warrant.  The detective also knew where Mr. Brown resided and that he was reporting to his probation officer, Colton Turner, "Probation and Parole Officer Colton Turner was able to confirm that Mr. Reginald Dwayne Brown is currently on probation and reporting to his office.  Probation and Parole Officer Colton Turner was able to provide me with a telephone number and an address that Mr. Reginald Dwayne Brown provided Probation and Parole." *See*, Affidavit for Phone Warrant, page 5, paragraph 4.

The entirety of the alleged probable cause is that on July 4, 2022, Mr. Brown may have been in the company of Lorenzo Carroll at a convenience store, and that *Mr. Carroll* appeared to have a gun tucked in his waistband under his shirt. No gun, no drugs, no contraband, or anything of any substance are alleged to have been found on Mr. Carroll. After Mr. Brown left the Dairy Mart at 28th and Market Streets detectives followed the vehicle eastbound on West Market Street and initiated a traffic stop for excessive window tint. The Affiant alleged that Mr. Brown failed to yield. Over two-months later, Mr. Brown was charged with Fleeing and Evading, 1st Degree and Wanton Endangerment, Excessive Window Tint and Disregarding a Stop Sign. None of these charges have anything to do with what was asked of the Court in regard to the phone tracking and Pen Register warrant. In Paragraph Nine of the Affidavit, in order to satisfy the requirements of the Pen Register Act, the Affiant averred that LMPD was conducting an investigation, "in connection with possible violations of weapon possession." And, that Mr. Brown was "utilizing the telephone in furtherance of the subject offenses and that the information likely to be obtained from the Pen register and trap-and-trace devices is relevant to the ongoing fugitive and criminal investigation being conducted by the above-named agency." (Paragraph 9 of the phone Affidavit). However, there was no fugitive investigation. The officer admitted in the affidavit that he had already been in touch with Mr. Brown's probation officer and gotten Mr. Brown's contact information. There was no investigation of the window tint attempted traffic stop that would involve telephones. There was no basis asserted at all for an investigation of Mr. Brown for weapons violations other than he was seen in public with a man who had allegedly had a gun. The assertion that the phone records will further any investigation (other than a broad fishing expedition) is not true and is not made in good faith. Without a

3

truthful statement that the warrant is relevant to an ongoing criminal investigation, the warrant cannot issue. 18 U.S.C 3123(a)(1).

Further, a search warrant is void if its showing of probable cause rests upon intentionally or recklessly false statements or omissions of material fact. *Franks*, 438 U.S. 164-165: *United States v. Kesvethelyi*, 308 F.3d 557, 566-567 (6th Cir. 2002). (*Franks* rule applies to omissions). Such a warrant is invalid in the hands of the applicant, and it cannot protect others who rely on it in good faith. *Franks*, 438 U.S. at 165 and *United States v. Leon*, 468 U. S. 897, 914 (1984). All evidence stemming from the tracking warrant of Mr. Brown should be suppressed.

The affidavit filed in support of the search warrant in this case requests permission to retrieve GPS physical location and Pen register data for numbers dialed or number pulls from the telephone line, to record the date and time or to record the length of the calls, and installation and use of a trap and trace device on the telephone, and location information. All these were asked for in the affidavit for the search warrant based upon a possible acquaintance having something protruding from his t-shirt on July 4, over two months before the request to the Judge. It should be noted that this information would be stale and is a fishing expedition due to the fact that there is no probable cause of any crime being committed by Mr. Brown on July 4, 2022 in regard to contraband, illegal drugs or weapons which are requested in the affidavit for the search warrant.

There is nothing in the affidavit to indicate that anything would be found on the cell phone located on Mr. Brown's person. There is therefore no probable cause supporting the seizure of a cell phone and/or giving the government permission to access any stored electronic data potentially contained within the phone. This broad-based ability to search smart phones was condemned by the Supreme Court in *Riley v. California*, 134 S.Ct. 2473 (2014). In that case, the court prohibited the search of a smart phone absent a detailed affidavit establishing probable

cause for the search. In no way do the details in the affidavit have anything to do with the actions that occurred on July 4, 2022, some two-and-a-half months prior.

### Beulah Church Road Warrant

The Affidavit in support of a search warrant for 8805 Beulah Church Road fails to establish probable cause to believe that the evidence sought would be found at the place to be searched at the time of the search. The allegations in the Affidavit can be summarized as follows:

On September 23, 2022, agents followed a vehicle, suspected to be operated by Mr. Brown, to the Beulah Church Road address. Another vehicle appeared to follow Mr. Brown to that address. Police watched the three men at the address for over five hours, during which time someone drove up to the house and handed one of the men a vacuum sealer, which the man took inside the house. Eventually, after five hours, the car that appeared to have followed Mr. Brown there left and went to a hotel where he put items into a pickup truck and got into the truck. That man was approached and seen with personal use marijuana in his lap. A K9 was used to establish probable cause to search the vehicle and cocaine was found. Having been caught with a kilo of cocaine, the man was then questioned by police at the scene. The man, having been caught red-handed with a large quantity of cocaine, allegedly stated that Mr. Brown had handed him the bag of cocaine, that there was a large amount of cash at the Beulah Church address, and that Mr. Brown and the other man were smoking marijuana at the Beulah Church address. These statements do not provide probable cause to believe that evidence of criminal activity would be found at 8805 Beulah Church Road on September 23, 2022. There was no allegation that there were drugs at the address, other than the personal use marijuana being smoked. Nothing in the Affidavit tied any known drug dealers to the address. There was no allegation that the alleged

handoff between Mr. Brown and the man in the pickup *happened at Beulah Church Road*. Probable cause was not established for this search, and its fruits must be suppressed.

**WHEREFORE** Mr. Brown respectfully requests this Honorable Court to enter the attached Order suppressing any and all evidence obtained from the September 23, 2022 search of Mr. Brown, his vehicle and the Beulah Church Road address.

**RESPECTFULLY SUBMITTED,**

*/s/ John Casey McCall*
**JOHN CASEY MCCALL**
600 West Main Street, Suite 300
Louisville, Kentucky  40202
(502) 589-6190

## CERTIFICATE OF SERVICE

It is hereby certified that, on this 1st day of March, 2024, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

*/s/ John Casey McCall*
**JOHN CASEY MCCALL**