| | | |
|---|---|---|
| LMPD #19-001 SW<br>Rev. 10-20<br>Page 1 of 4 | <br>**SEARCH WARRANT** | Case No.:<br>Court: CIRCUIT<br>County: JEFFERSON<br>Division: Criminal Interdiction Division |
| Ky. Const. Sect. 10; RCr 13.10 | | |

**TO ALL PEACE OFFICERS IN THE COMMONWEALTH OF KENTUCKY:**
Proof by affidavit having this day been made before me by: __Detective Cody Pfeiffer #7290__
a peace officer of __Louisville Metro Police Department__, that there is probable and reasonable cause for the issuance of this Search Warrant as set out in the affidavit attached hereto and made a part hereof as if fully set forth herein; you are commanded to search the premises known and numbered as:

Telephone Number (502) 821-0990 (T-Mobile)

and more particularly described as follows:

Telephone Number (502) 821-0990 (T-Mobile)

and/or in a vehicle or vehicles described as:

N/A

and/or on the person or persons of:

Cellular device being utilized by Mr. Reginald Dwayne Brown DOB: ▮▮▮▮▮

the following described personal property, to wit:

- The installation and use of a GPS physical location and PEN register to register numbers dialed or pulsed from the telephone line to record the date and time of such dialing's or pulsing and to record the length of the time the telephone receiver in question is off the hook for incoming calls for a period of (30) days pursuant to U.S.C. TITLE 18 3122 AND 3123.

- The installation in use of a trap-and-trace device on the telephone line to record the telephone numbers calling the Telephone Line and tracking by GPS using Latitude and Longitude Coordinates.

- Furnishings of information, facilities, and technical assistance necessary to accomplish the installation of the PEN register, trap and trace device, and location information including installation and operation of the device unobtrusively and with the minimum of disruption of the normal telephone service. The wire communication service providers shall be compensated by the Louisville Metro Police Department for a reasonable expense incurred in providing such facilities and technical assistant.

- All subscriber information to include: IMEI and/ or IMSI and ICCID assigned to the device designated by the phone number (502) 821-0990.

- Cell site data and/or precision location information including, but not limited to, cell site location (physical address) of call initiation, call termination, and call progress locations (Automated Message Accounting Data) connected to the use of each target telephone and any and all cellular telephones called or being called by each target number without geographical limitations, pursuant to Title 18 USC Section 2703(D). Such service

LMPD #19-001 SW
Rev. 10-20
Page 2 of 4

- provider shall initiate a signal tracking by GPS using latitude and longitude coordinates to determine the location of the subject's mobile device on the service provider's network or with such other reference points as may be reasonable available and at such intervals and times as directed by the law enforcement agent serving this order for a period of (30) days.

- T-Mobile, and any and all telecommunications providers subject to regulation by the Federal Communications Commission to provide telecommunications services within the United States of America, as listed on an ongoing basis on FCC Form 499-A (hereinafter referred to as "Telecommunications Companies"), or Internet Service Providers (hereinafter referred to as ISP), VOIP Providers and any other service provider shall furnish information, facilities, and technical assistance 24 hours a days, 7 days a week, necessary to accomplish the installation and operation of the devices unobtrusively and with a minimum of disruption of normal telephone service.

- IT IS ORDERED that T-Mobile shall activate and provide caller ID information, and any calling features such as call forwarding, and speed dialing currently assigned to the phone number, if available.

- IT IS ORDERED that T-Mobile, and any other Telecommunications company, ISP, VOIP Provider shall provide GPS location of cellular phone and cell site data and/or precision location information including, but not limited to, cell site location (physical address) of call initiation, call termination, and call progress locations (Automated Message Accounting Data) connected to the use of each target telephone and any and all cellular telephones called or being called by each target number without geographical limitations, pursuant to Title 18 USC Section 2703(D). Such service provider shall initiate a signal tracking by GPS using Latitude and Longitude Coordinates to determine the location of the subject's mobile device on the service provider's network or with such other reference points as may be reasonable available and at such intervals and times as directed by the law enforcement agent serving this order for a period of (30) days.

- IT IS ORDERED that T-Mobile, and any other telecommunications company, Internet Service Provider, VOIP Providers and any other service providers, provide toll information, call detail records (CDR's), including any and all historical data for a period of (30) days prior to the date of this order and/or for the duration of this order, originating and terminating call detail, ESN or other equipment identifying information, buddy list, and cell site location information from any and all telephones called or being called by each target number, any numbers discovered thru the investigation and the target number if available and shall provide that information within 48 hours of request from law enforcement when requested verbally or in writing.

- IT IS ORDERED that the PEN register trap-and-trace devices on the telephone line are to be continued to be authorized in spite of the fact that the subscriber or the number of the telephone line may change; further, it is ordered that the affected telephone company notify the Louisville Metro Police Department regarding any changes of the number or subscriber of the telephone line.

- IT IS ORDERED that T-Mobile, and any and all telecommunications providers, ISP, or VOIP Provider, providing service to the target telephone(s) to continue to provide service to the target telephone(s) for the duration of the intercept, regardless of unpaid balances, the telecommunication companies, ISP, and VOIP Providers be ordered to not disclose to the target subject(s) the fact that the service was continued in spite of unpaid balances. In the event the telecommunications, ISP, VOIP Provider continue to provide service to the target telephone(s) regardless of unpaid balance, and the target subject(s) do not pay for the continued service, the telecommunications companies shall be compensated by the agency executing the court order of the service that was continued regardless of unpaid balances, pursuant to the court's search warrant.

LMPD #19-001 SW
Rev. 10-20
Page 3 of 4

If you find the above-described property, or any part thereof, **you will seize the property and deliver it forthwith** to me or any other court in which the offense in respect to which the property or things taken is triable, **or retain it in your custody subject to order of said court.**

Date: _____a-21_____, 2 _022_

Judge's Signature

McKay Chauvin
Circuit Division 9
Judge's Printed Name

_____ Court

| | |
|---|---|
| Executed this _22_ day of _September_, 2 _022_, by Officer _Timothy O'Daniel_ of the _Louisville Metro Police Department_, Badge No. _7936_, by searching said premises/vehicle/person(s) described herein and by seizing the following: | |

Submitted to T-Mobile, digital evidence

LMPD #19-001 SW
Rev. 10-20
Page 4 of 4

| | | |
|---|---|---|
| LMPD #19-002 ASW<br>Rev. 10-20<br>Page 1 of 10 | <br>**AFFIDAVIT FOR<br>SEARCH WARRANT** | Case No.:<br>Court: CIRCUIT<br>County: JEFFERSON |
| Ky. Const. Section 10; RCr 2.02<br>RCr 13.10 | | Division: Criminal Interdiction Division |

**Affiant,** Detective Cody Pfeiffer #7290, a peace officer of Louisville Metro Police Department being first duly sworn, states he/she has, and there is reasonable and probable grounds to believe, and Affiant does believe, there is now on the premises known and numbered as:

Telephone Number (502) 821-0990 (T-Mobile)

**and more particularly described as follows:**

Telephone Number (502) 821-0990 (T-Mobile)

**and/or in a vehicle or vehicles described as:**

N/A

**and/or on the person or persons of:**

Cellular device being utilized by Mr. Reginald Dwayne Brown DOB: Redacted S.S.N: Redacted

**the following described personal property, to wit:**

- The installation and use of a GPS physical location and PEN register to register numbers dialed or pulsed from the telephone line to record the date and time of such dialings or pulsing and to record the length of the time the telephone receiver in question is off the hook for incoming calls for a period of (30) days pursuant to U.S.C. TITLE 18 3122 AND 3123.

- The installation in use of a trap-and-trace device on the telephone line to record the telephone numbers calling the Telephone Line and tracking by GPS using Latitude and Longitude Coordinates.

- Furnishings of information, facilities, and technical assistance necessary to accomplish the installation of the PEN register, trap and trace device, and location information including installation and operation of the device unobtrusively and with the minimum of disruption of the normal telephone service. The wire communication service providers shall be compensated by the Louisville Metro Police Department for a reasonable expense incurred in providing such facilities and technical assistant.

- All subscriber information to include: IMEI and/ or IMSI and ICCID assigned to the device designated by the phone number (502) 821-0990.

- Cell site data and/or precision location information including, but not limited to, cell site location (physical address) of call initiation, call termination, and call progress locations (Automated Message Accounting Data) connected to the use of each target telephone and any and all cellular telephones called or being called by each target number without geographical limitations, pursuant to Title 18 USC Section 2703(D). Such service provider shall initiate a signal tracking by GPS using latitude and longitude coordinates to determine the location of the subject's mobile device on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving this order for a period of (30) days.

- T-Mobile, and any and all telecommunications providers subject to regulation by the Federal Communications Commission to provide telecommunications services within the United States of America, as listed on an ongoing basis on FCC Form 499-A (hereinafter referred to as "Telecommunications Companies"), or Internet Service Providers, VOIP Providers and any other service provider shall furnish information, facilities, and technical assistance 24 hours a days, 7 days a week, necessary to accomplish the installation and operation of the devices unobtrusively and with a minimum of disruption of normal telephone service.

- IT IS ORDERED that T-Mobile shall activate and provide caller ID information, and any calling features such as call forwarding, and speed dialing currently assigned to the phone number, if available.

- IT IS ORDERED that T-Mobile, and any other Telecommunications company, Internet Service Provider, VOIP Provider shall provide GPS location of cellular phone and cell site data and/or precision location information including, but not limited to, cell site location (physical address) of call initiation, call termination, and call progress locations (Automated Message Accounting Data) connected to the use of each target telephone and any and all cellular telephones called or being called by each target number without geographical limitations, pursuant to Title 18 USC Section 2703(D). Such service provider shall initiate a signal tracking by GPS using Latitude and Longitude Coordinates to determine the location of the subject's mobile device on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving this order for a period of (30) days.

- IT IS ORDERED that T-Mobile, and any other telecommunications company, Internet Service Provider, VOIP Providers and any other service providers, provide toll information, call detail records (CDR's), including any and all historical data for a period of (30) days prior to the date of this order and/or for the duration of this order, originating and terminating call detail, ESN or other equipment identifying information, buddy list, and cell site location information from any and all telephones called or being called by each target number, any numbers discovered through the investigation and the target number if available and shall provide that information within 48 hours of request from law enforcement when requested verbally or in writing.

- IT IS ORDERED that the PEN register trap-and-trace devices on the telephone line are to be continued to be authorized in spite of the fact that the subscriber or the number of the telephone line may change; further, it is ordered that the affected telephone company notify the Louisville Metro Police Department regarding any changes of the number or subscriber of the telephone line.

- IT IS ORDERED that T-Mobile, and any and all telecommunications providers, Internet Service Provider, or VOIP Provider, providing service to the target telephone(s) to continue to provide service to the target telephone(s) for the duration of the intercept, regardless of unpaid balances, the telecommunication companies, Internet Service Provider, and VOIP Providers be ordered to not disclose to the target subject(s) the fact that the service was continued in spite of unpaid balances. In the event the telecommunications, Internet Service Provider, VOIP Provider continue to provide service to the target telephone(s) regardless of unpaid balance, and the target subject(s) do not pay for the continued service, the telecommunications companies shall be compensated by the agency executing the court order of the service that was continued regardless of unpaid balances, pursuant to the court's search warrant.

Affiant believes and states there is probable and reasonable cause to believe said property constitutes:
(check appropriate box or boxes):

☐ stolen or embezzled property;

☒ property or things used as means of committing a crime;

☒ property or things in possession of a person who intends to use it as a means of committing a crime;

☒ property or things in possession of a person to whom it was delivered for the purpose of concealing it or preventing its discovery and which is intended to be used as a means of committing a crime;

☒ property or things consisting of evidence which tends to show a crime has been committed or a particular person has committed a crime;

☐ Other _____

**Affiant** has been an officer in the aforementioned agency for a period of __7__ years and __7__ months. The information and observations contained herein were received and made in his/her capacity as an officer thereof. On __July 4__, 2 __022__, at approximately __1600__ ☐ a.m. ☒ p.m., **Affiant** received information from/ observed

1. **INFORMATION:** On Wednesday, September 14, 2022, I filed a criminal complaint warrant on Mr. Reginald Dwayne Brown. Mr. Reginald Dwayne Brown is wanted on Jefferson County E-warrant #E05610004341032. This felony warrant consists of charges related to an investigation that occurred on Monday, July 4, 2022. The charges on the warrant consist of Fleeing First 1st Motor Vehicle, Wanton Endangerment 1st, Excessive Window Tinting, and Disregarding a Stop Sign. I discovered that Mr. Reginald Dwayne Brown is currently on Probation and reports to Kentucky Probation and Parole District 16 located at 410 W. Chestnut Street in Louisville, Jefferson County, Kentucky.

Acting on the information received, Affiant conducted the following independent investigation:

1. **PHYSICAL SURVEILLANCE:** On Monday, July 4, 2022, detectives assigned to The Louisville Metro Police Department's Criminal Interdiction Division – Violent Crime Squad #1, were conducting physical surveillance on 2728 W. Market Street at The Dairy Mart. Detectives observed a known offender and multi-time convicted felon, Mr. Lorenzo Carroll, standing at the passenger side door of a white 2016 Dodge Challenger bearing Kentucky temporary registration B219887 with a handgun with an extended magazine in his front waistband. Mr. Lorenzo Carroll was accompanied with an unknown African American male at the fireworks tent. After purchasing fireworks, the unknown African American male went inside of the convenient store and Mr. Lorenzo Carroll moved the white 2016 Dodge Challenger and backed into a parking spot close to the store. The unknown African American male was observed departing the store, opening the driver's side

LMPD #19-002 ASW
Rev. 10-20
Page 4 of 10

door of the white 2016 Dodge Challenger, and departing the gas station lot traveling eastbound on W. Market Street. These events from beginning to end were captured on RTCC camera footage located at 28th and W. Market Street.



(Source: RTCC – Mr. Carroll Armed with a Handgun)     (Source: Mr. Reginald Brown Entering Operator's Seat)

2. **VEHICLE FOLLOW:** Following the physical surveillance and departure of The Dairy Mart at 28th and Market Street, detectives began to follow the vehicle eastbound on W. Market Street. Detectives followed this vehicle to 22nd and W. Market where the unknown African American made a right-hand turn traveling southbound onto 22nd Street. Detectives initiated a traffic stop on this vehicle with lights and sirens for excessive window tinting, a violation pursuant to KRS 189.110. This vehicle failed to yield and accelerated at a high rate of speed in a residential neighborhood fleeing detectives. Detectives did not purse this vehicle and terminated once the vehicle refused to yield.



(Source: RTCC – Dairy Mart)     (Source: RTCC – Vehicle Departing E/B on W. Market St)

3. **IDENTIFICATION:** Prior to the traffic stop and during physical surveillance at 28th and W. Market Street, detectives were able to video record and capture photographs of the operator of the white 2016 Dodge Challenger. RTCC was able to identify Mr. Reginald Dwayne Brown from this photograph captured at 28th and W. Market Street. Additionally, I reached out to Probation and Parole Supervising Officer Colter Turner who sent this photograph to Mr. Reginald Brown's assigned Probation and Parole officer and he was able to identify him as well.



*(Source: RTCC – Mr. Reginald Brown)*

4. **PROBATION & PAROLE:** I reached out to Probation and Parole at District 16 and spoke to Probation and Parole Officer Colter Turner. Probation and Parole Officer Colter Turner was able to confirm that Mr. Reginald Dwayne Brown is currently on probation and reporting to his office. Probation and Parole Officer Colter Turner was able to provide me with a telephone number and an address that Mr. Reginald Dwayne Brown provided Probation and Parole. This telephone number and address was confirmed by Probation and Parole. The telephone number provided to me by Probation and Parole was (502) 821-0990 with an address of 271 Laurie Valle #271 in Louisville, Jefferson County, Kentucky.

5. **TELEPHONE NUMBER (502) 821-0990:** I researched telephone number (502) 821-0990 on Clear (law enforcement investigative tool) and could not retrieve any useful information. Furthermore, I reached out to a DEA Intelligence Research Specialist who was able to provide carrier and subscriber information. I discovered that as of January 2022 this telephone number is registered to Mr. Reginald Dwayne Brown at 2623 W. Madison Street in Louisville, Jefferson County, Kentucky. This telephone number is currently assigned to T-Mobile. Furthermore, the DEA Intelligence Research Specialist stated that this telephone number is currently tied into an active DEA case.

6. **CRIMINAL HISTORY:** I conducted a CourtNet (Kentucky Office of the Courts Records) inquiry on Mr. Reginald Dwayne Brown and determined that he is an eight-time convicted felon. Mr. Reginald Dwayne Brown has an extensive and violent Kentucky Criminal History to include multiple violent offenses, weapon related offenses, and drug trafficking convictions and others as noted below:

### Mr. Reginald Dwayne Brown

- Jefferson County Circuit Court case 03-CR-002579 – Possession of Cocaine 1st Offense, Assault 3rd Police/Probation Officer with a disposition of (5) years of supervised diversion.

- Jefferson County Circuit Court case 04-CR-003252-001 – Possession of Cocaine 1st and Tampering with Physical Evidence with a disposition of (10) years to serve in prison.

- Jefferson County Circuit Court case 05-CR-001676 – Wanton Endangerment 1st, Tampering with Physical Evidence with a disposition of (5) years of prison.

- Jefferson County Circuit Court case 05-CR-002620 – Possession of Cocaine 1st, Tampering with Physical Evidence, Fleeing or Evading 1st, Trafficking in Marijuana 1st, Resisting Arrest with a disposition of (10) years to serve in prison.

- Jefferson County Circuit Court case 15-CR-001033 – Convicted Felon in Possession of a Handgun, Receiving Stolen Property (Firearm), Tampering with Physical Evidence, Failure To or Improper Signal, PFO 2nd with a disposition of (4) years to serve with (7) years of probation.

- Jefferson County Circuit Court case 15-CR-001787 – Wanton Endangerment 1st Police Officer, Wanton Endangerment 1st Police Officer, Fleeing or Evading Police 1st Motor Vehicle, Possession of Cocaine 1st, 3rd or > Offense, PFO 2nd with a disposition of (3) years to serve suspended for a total of (7) years' probation.

- Jefferson County Circuit Court case 15-CR-002044-001 – Engaging in Organized Crime – Criminal Syndicate, Convicted Felon in Possession of a Handgun, Receiving Stolen Property (Firearm), Wanton Endangerment 1st, and Assault 4th with a disposition of (3) years probated for (5) years to serve.

- Jefferson County Circuit Court case 20-CR-000049 – Trafficking in Marijuana 1st and Drug Paraphernalia with a disposition of (1) year in prison.

7. Detective Cody Pfeiffer, a detective for the Louisville Metro Police Department, hereby applies to the court for an order (1) authorizing the use of a PEN register on the telephone lines currently designated by the numbers: (502) 821-0990; (2) authorizing the use of a trap-and-trace device on the telephone line, tracking by GPS using latitude and longitude coordinates; and (3) requiring the disclosure of subscriber name and address, whether listed or unlisted, for numbers called by the telephone line or numbers calling the telephone line, or found during the investigation of this case upon oral or written demand of agents of the Louisville Metro Police Department. In support of this application, he states the following:

8. I am a detective for the Louisville Metro Police Department, and I am requesting a search warrant authorizing the installation and use of a PEN register and a trap-and-trace device, GPS locations and the disclosure of subscriber information.

9. I certify that the Louisville Metro Police Department is conducting a criminal investigation as well as a fugitive investigation of a violent felony offender in connection with possible violations of weapon possession. It is believed that the below named person is utilizing the telephone in furtherance of the subject offenses and that the information likely to be obtained from the PEN register and the trap-and-trace devices is relevant to the ongoing fugitive and criminal investigation being conducted by the above-named agency.

**Telephone Number Information**

10. (502) 821-0990 is a telephone number known to be utilized by Mr. Reginald Dwayne Brown. The telephone number is serviced by T-Mobile.

11. I, the applicant, request that the court issue a search warrant authorizing the installation and use of a GPS physical location and PEN register to register numbers dialed or pulsed from the telephone line to record the date and time of such dialings or pulsing and to record the length of the time the telephone receiver in question is off the hook for incoming calls for a period of (30) days pursuant to U.S.C. TITLE 18 3122 AND 3123.

12. Applicant further requests that the search warrant authorize the installation and use of a trap-and-trace device on the telephone line to record the telephone numbers calling the telephone line and tracking by GPS using latitude and longitude coordinates.

13. Applicant is aware that individuals involved in criminal and/or narcotic trafficking commonly change their phone numbers in order to defeat surveillance by law enforcement. Applicant understands that a PEN register is defined as a device which records or decodes electronic or other impulses that identify the numbers dialed or otherwise transmitted on the telephone lines to which such devices attached.

14. Therefore, as PEN registers are defined with respect to telephone lines, not with respect to numbers or subscribers, and as the government has information showing that the locations from which the PEN registers are requested, are being used for criminal purposes, the applicant requests that this order for the PEN register is to remain in force in the event that the numbers or subscribers to the telephone line are changed.

15. Applicant further requests that the order direct furnishings of information, facilities, and technical assistance necessary to accomplish the installation of the PEN register, trap and trace device, and location information including installation and operation of the device unobtrusively and with the minimum of disruption of the normal telephone service. The wire communication service providers shall be compensated by the Louisville Metro Police Department for a reasonable expense incurred in providing such facilities and technical assistant.

16. Applicant further requests that **T-Mobile** and any other affected telephone companies, long-distance carriers, Information Service Provider, Internet Service Providers, VOIP Providers and any other service provider be ordered to supply any and all information in their files with respect to persons called by the telephone line and persons calling the telephone line (except for the contents of communications), and any other number discovered during this investigation, whether published or non-published, including but not limited to subscriber names and addresses, driver's license numbers, social security numbers, application information, and billing information, for historical records of 30 days prior to this search warrant, upon oral or written demand of agents of the Louisville Metro Police Department.

17. Applicant further requests that this search warrant and application be sealed until otherwise ordered by the court, and that as **T-Mobile** and any other affected companies shall not disclose the existence of the PEN register, the trap-and-trace device, or the investigation to the listed subscribers or to any other person, unless or until otherwise ordered by the court.

LMPD #19-002 ASW
Rev. 10-20
Page 8 of 10

## MANNER OF EXECUTION

18. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

19. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

20. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

21. IT IS ORDERED that as **T-Mobile** and any other Telecommunications company, ISP, VOIP Provider shall provide cell site data and/or precision location information including, but not limited to, cell site location (physical address) of call initiation, call termination, and call progress locations (Automated Message Accounting Data) connected to the use of each target telephone and any and all cellular telephones called or being called by each target number without geographical limitations, pursuant to Title 18 USC Section 2703(D). Such service provider shall initiate a signal tracking by GPS using Latitude and Longitude Coordinates to determine the location of the subject's mobile device on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving this order for a period of (30) days.

22. WHEREFORE, it is respectfully requested that the Court grant a search warrant for a period of 30 days from the date hereof; (1) authorizing the installation and use of a PEN register to register numbers dialed or pulsed from the Telephone Line; (2) authorizing the installation and use of a trap-and-trace device to record the telephone numbers of telephone instruments calling the Telephone Line including location information; (3) directing as **T-Mobile** and any other affected telephone companies to forthwith furnish agents of the Louisville Metro Police Department with all information, facilities, and technical assistance necessary to accomplish the installation of the PEN register and trap-and-trace device; (4) directing as **T-Mobile** and any other affected telephone companies, Information Service Providers, Internet Service Providers, long-distance carriers and VOIP Providers to supply subscriber names and addresses for persons called by the Telephone Line, calling in and any other number identified during the investigation whether listed or unlisted, upon oral or written demand of agents of the Louisville Metro Police Department; and (5) sealing this affidavit and search warrant.

*Affiant is requesting that this search warrant and its supporting affidavit be sealed by order of the issuing court to protect the integrity of the ongoing investigation, and that the search warrant and supporting affidavit remain sealed until the issuing court order that it be unsealed.*



LMPD #19-002 ASW
Rev. 10-20
Page 10 of 10



**Affiant** has reasonable and probable cause to believe, and believes, grounds exist for issuance of a Search Warrant based on the aforementioned facts, information and circumstances and **prays a Search Warrant be issued**, that the property (or any part thereof) be seized and brought before any Court and/or retained subject to order of said Court.

_____
Officer

Subscribed and sworn to before me ☐ in my presence ☐ via oral communication on this the ___ day of _____, 2 ____, at _____ ☐ a.m. ☐ p.m.

McKay Chauvin
Circuit Division 3
Judge's Signature

_____
Judge's Printed Name